IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. NELSON, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-0642-MJR |
| | ) |
| SCOTT T. STEWART, C/O RICHARD, | ) |
| JARED P. PHILLIPS, A. LOCHEAD, | ) |
| C/O REYNOIDS, M. GROVES, and | ) |
| B. ANTHONY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

On April 16, 2012, Plaintiff Larry Nelson filed suit in this Court alleging violations of his federally secured constitutional rights, including excessive force and deliberately indifference to serious medical needs. Although Plaintiff is no longer incarcerated, his § 1983 claims are based on events that occurred while he was incarcerated at Menard Correctional Center (Doc. 1). Now before this District Court is Nelson's motion for leave to proceed in forma pauperis ("IFP"), i.e., without prepaying the filing fee (Doc. 4) and motion for counsel (Doc. 5).

Under 28 U.S.C. 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Irving has done so in the instant case. But the Court's inquiry does not end there. 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. Indeed, the statute *requires* the Court to dismiss

1

the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Nelson's complaint survives § 1915 review. His sworn IFP motion establishes that he is indigent *for purposes of IFP review*. Nothing indicates that his action is frivolous or malicious. The named defendants are not immune from relief. And at this point, the Court cannot conclude that this action fails to state any claim upon

2

which relief could be granted. This does not mean the Court finds that Nelson's claims have merit or should prevail.

Accordingly, the Court **GRANTS** the motion for pauper status (Doc. 4).

Turning to Plaintiff's motion for appointment of counsel (Doc. 5), there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following dual inquiries: "(1) has the . . . plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Plaintiff indicates that he has attempted to secure counsel by contacting several law firms requesting representation. Plaintiff has been unsuccessful in his attempts.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago*, 599 F.3d at 762-64. The Court encounters difficulty assessing this factor at this early stage of the litigation. *See Romanelli*, 615 F.3d at 852 (noting infancy of case makes it impossible to make accurate determination of *pro se* litigant's ability to litigate case). At this point, Plaintiff's claim does not appear to be factually complex, and he appears to have adequately articulated his legal issues in his complaint. He alleges that defendants were deliberately indifferent to his medical needs and that they used

3

excessive force. Therefore, the Court **DENIES AT THIS TIME** the motion to appoint counsel (Doc. 5). This ruling can be revisited at a later date in these proceedings, and this Order does not prevent Nelson from filing another motion for appointment of counsel at an appropriate date in the future.

Finally, **IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **Scott T. Stewart, C/O Richard, Jared P. Phillips, A. Lochead, C/O Reynoids, M. Groves, and B. Anthony**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the

4

original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED July 9, 2012.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge